BACON, FLOTO & CO. v. NORTHWESTERN STOVE CO.

1. NO RECEIVER TO BE APPOINTED AFTER ORDER OF DISSOLUTION.

Upon application being made to the court of common pleas under section 5651 of the Revised Statutes of Ohio, for the purpose of dissolving a corporation, the court has no authority in law to appoint a receiver for the corporation until after the order has been made dissolving the corporation. Section 5587 of the Revised Statutes of Ohio, providing when and how a receiver may be appointed, does not apply to such a proceeding.

2. APPOINTMENT IMMEDIATELY AFTER APPLICATION IS ILLEGAL.

An order of a judge of the court of common pleas, upon such application being filed, immediately appointing a receiver is a nullity, and the corporation approving or ratifying such proceeding will sustain an allegation in an affidavit for attachment against the corporation. "That the corporation has disposed of its property with the intent to defraud its creditors."

ERROR to the Court of Common Pleas of Defiance county.

SENEY, J.

The plaintiff in error, a partnership firm, brought its action against the defendant in error, a corporation, upon an account for goods sold and delivered. Accompanying its petition, for the purpose of an attachment, an affidavit was filed, alleging as the grounds for the attachment "that the corporation fraudulently contracted the debt for which suit has been brought."

"That the corporation has disposed of its property with the intent to defraud its creditors."

Upon the application of the plaintiff below, leave was granted to amend its affidavit, which was accordingly done. Upon these affidavits an order of attachment was issued and levied upon the property of the corporation. A motion was made to vacate and discharge the attachment, upon the grounds that the facts stated in the affidavit upon which the attachment was issued were insufficient, and that the facts stated were not true.

This motion was sustained.

Another motion was made by the corporation to vacate the levy in attachment, on the ground that prior to the attachment proceeding a receiver had been appointed for the corporation by a judge of the common pleas court upon the application of three of its directors, under sec. 5651, Rev. Stat. of Ohio, for the purpose of dissolving the corporation, and that the attached property was held by the receiver.

This motion was sustained.

Upon the hearing of these respective motions, affidavits were read, and in addition thereto, the application for the appointment of the receiver, together with the order of the judge, appointing the receiver, all of which are preserved by a bill of exceptions for review in this court. To the action of the court below in sustaining these motions, the plaintiff files his petition in error in this court, and asks that the court below may be reversed.

There are two grounds for attachment alleged in the affidavits:

First—That the corporation fraudulently contracted the debt.

Second—That the corporation has disposed of its property with the intent to defraud its creditors.

Upon the first ground we have in the bill of exceptions the affidavit of one representing the plaintiff to that effect and upon which the attachment was issued. We have also the affidavit of the president of the corporation denying in effect the facts stated in the affidavit of the plaintiff; this is the testimony upon this first ground. The court did not err in sustaining that part of the motion. When the facts stated in the affidavit of the plaintiff were denied by the affidavit of the defendant, it devolved upon the plaintiff to furnish the proof to support its attachment. In the absence of proof to support the order of attachment outside of its own affidavit the attachment to the extent of the first ground should have been discharged.

In support of this we cite Coston v. Paige, 9 O. S., 397.

Upon the second ground, to-wit: "That the corporation has disposed of its property with the intent to defraud its creditors." We also have the affidavit of one representing the plaintiff to that effect, and also the affidavit of the president of the corporation denying in effect the facts stated in the affidavit of the plaintiff, and in addition thereto we have the application or petition of three of the directors of the corporation, filed in the court of common pleas under sec. 5651, Rev. Stat. of Ohio, for the purpose of dissolving the corporation, together with the order of one of the judges of that court appointing a receiver immediately upon the filing of said application.

As we have said, a receiver was appointed in a proceeding to dissolve a corporation—such a proceeding is authorized by secs. 5651 to 5688, Rev. Stat. of Ohio, and provides, that a majority of the directors of a corporation, when a cer-

tain state of facts exist as to the affairs of a corporation, may file their application containing said facts, together with a schedule of the assets and liabilities, and apply to the court of common pleas for an order dissolving the corporation. Upon the application being filed, a notice is required to be given to every person interested, stockholders, creditors, and all. A master is appointed by the court, with power, upon giving a certain notice, to hear and determine whether the facts alleged in the application are true. At the expiration of a certain time the master files his report, and upon examination of that report by the court of common pleas, if it finds that the corporation is in the condition in which the averments of the application place it, it shall then declare the corporation dissolved. When the corporation is thus dissolved, and not before, is the court authorized to appoint a receiver. And this, for very good reasons, the property of a corporation is the property of the stockholders, it is not the property of the directors. The directors are empowered by the stockholders with the management and control; that is the power they have. They act in the nature of trustees. They have not the power to transfer the property of the corporation to some one else, to carry out the plans of the corporation, or carry out the idea for which the corporation was formed, if, as it was alleged in this application for the dissolution of this corporation, that the directors could not agree, they could resign and return the power or trust into the hands of the stockholders, that they by their votes might say who shall manage their property. The notice required to be given the hearing before the master is for the purpose to give every one that has any interest in the corporation an opportunity to be heard before the court will take charge of the property and place it in the hands of a receiver, otherwise the stockholders, who own the property, would not have their day in court. It would take their property without due process of law, in violation of their constitutional rights. It is only upon the return of the master's report, and the court acting upon this report dissolves the corporation and appoints a receiver. What for? To take charge of the affairs of the corporation, wind it up, for the benefit of creditors and stockholders alike. The authority and power of a receiver thus appointed is the same as is conferred by law upon trustees to whom assignments are made for the benefit of creditors, and none other. This power does not authorize the trustee to make investments, run the business, but simply to wind up the business under the orders of the court. The order of the judge in appointing this receiver conferred upon him the same authority to manage the corporation as was conferred by the stockholders upon their board of directors.

As we have seen, the power to appoint a receiver is given only after the corporation is dissolved, and this power is not conferred upon a judge of the court, but upon the court itself. It is a special provision of the statute applicable to the dissolution of a corporation, so that when a judge of the court, acting upon the application, as in the case before us, appointed a receiver immediately upon the filing of the application, exercised an authority not warranted by any provision of law, his jurisdiction was neither over the person or the subject-matter, absolutely without any jurisdiction, hence his order is null and void—a nullity.

It is claimed in argument, that even if the judge in appointing this receiver had no jurisdiction under the section of the revised statutes already cited, that sec. 5567, Rev. Stat., confers jurisdiction. This section is the general provision in reference to receivers, when and how a receiver can be appointed in a certain class of cases; but it is not simply upon an application alone with nothing else for a foundation; it contemplates an adversary proceeding. In a case where a petition had been filed against a party, and he had been brought into court by summons or publication, he then has notice of the relief the plaintiff asks in his petition, and as ancillary to such relief a receiver may be appointed upon application. It contemplates a party plaintiff and party defendant, with a petition under the code filed, asking certain relief, and for the protection of that relief a receiver may be appointed. True, a receiver could be appointed in that kind of a case

without notice, as this court has already held, where the danger is imminent,. where the delay would be dangerous. If the court or judge finds that state of facts existing, the order of the court or judge should so show, as the reason why a receiver was appointed without notice. In all other cases the court or judge should not appoint without notice. The case before us does not belong to that. class, hence this section has no application.

What is the effect of the order, which, as we have seen, is a nullity?

As between the creditor and the debtor, at the time the order was made,. being a nullity, it has no support. It is quite the same as if these three directors had transferred the property to Mr. Baker (the receiver) without any order— placed him in possession without any consideration, to manage the property, to run the business, contract debts, etc. This is fraudulent, and as against the cred-itor would tend to defraud. They have invoked the order of the court to accomplish this purpose, they have started the ball rolling, with the only effect at the time to defraud the creditors of the corporation. This, as we have said, is the act of three directors, who claim they are a majority of the directors of the corporation. This alone cannot charge the corporation with the fraud—but then comes the corporation with a motion to vacate the levy in attachment on the ground of the appointment of this receiver upon the application of these three directors. By so doing it approves and ratifies the acts of the three directors, and makes the acts of these directors the act of the corporation. These acts are-confessedly true; they are admitted to be true, notwithstanding the affidavit of the president of the corporation, in which he denies what the plaintiff said in his affidavit, that the corporation has disposed of its property, etc. All the facts. alleged in the application for the dissolution of the corporation, are the acts of the corporation. It comes into court and says the corporation has put its property into the hands of Mr. Baker, a stranger, without consideration, to manage-and run it, the corporation has no control over it, the creditors must look to him for the payment of their debts, and then say it was not done for the purpose of defeating its creditors. The law stamps the transaction as fraudulent. This. cannot stand, it supports and sustains the second ground in the affidavit for attachment, viz.:

"That the corporation has disposed of its property with the intent to defraud its creditors."

Entertaining these views, we are of the opinion that the court of common. pleas erred in sustaining the motion to vacate and discharge the attachment, and in sustaining the motion to vacate the levy. Both of these motions will be over-ruled, and cause remanded for further proceedings.

Henry Newbegin, for plaintiff in error.

Hill & Hubbard, for defendant in error.